Case 1:09-cv-01641-ODE   Document 31   Filed 09/24/09   Page 1 of 10

FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 2 4 2009

James N. Hatten, Clerk
By: /s/ 
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHONG AE HAN,

        Plaintiff

v.

MORTGAGE LENDERS NETWORK USA,
INC.; GMAC MORTGAGE, LLC;
AMERICA'S SERVICING COMPANY;
WELLS FARGO BANK, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
and DOES 1-50, inclusive,

        Defendants

CIVIL ACTION NO.
1:09-CV-1641-ODE

ORDER

    This action involving allegations of fraud in violation of various Georgia statutes is before the Court pursuant to federal question jurisdiction. Plaintiff Chong Ae Han ("Han") has filed a motion to remand [Doc. #4], Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Moving Defendants") have filed motions to dismiss Han's original and first amended complaints [Doc. #8, #20], and Han has filed a motion for declaratory judgment [Doc. #28]. Moving Defendants have filed a response in opposition to the motion to remand [Doc. #7]. Han has filed responses in opposition to the motions to dismiss [Doc. #18, #25], to which Moving Defendants have filed a reply [Doc. #29]. For the following reasons, the Court GRANTS Han's motion to remand, DENIES AS MOOT Moving Defendants' motion to dismiss the original complaint, DENIES AS MOOT Moving Defendant's motion to dismiss the

first amended complaint, and DENIES AS MOOT Han's motion for declaratory judgment.

I. Background

Defendants are lenders, servicers, beneficiaries, and/or trustees of primary and secondary loans that Han obtained for the purpose of refinancing her home, which is located at 955 White Birch Way in Lawrenceville, Georgia [Doc. #12 at ¶¶ 15, 25].[1] Han purchased her home for $142,000 in December 1997 [Id. at ¶ 25]. The primary loan that Han obtained totaled $161,000 with a current interest rate of 7.725%, and the secondary loan totaled $40,400 with a current interest rate of 11.69% [Id.]. Before she refinanced Han had a single loan encumbering her home [Id.]. Though Han believed that refinancing would result in "better loan terms," after obtaining the primary and secondary loans she "discovered that the terms were substantially worse and unaffordable" [Id. at ¶ 27]. As a result of refinancing, Han's monthly mortgage payment increased from about $869.56 to $2021.22 [Id. at ¶ 25]. Han is faced with the possible foreclosure and forced sale of her home [Id. at ¶ 138].

Han alleges that Defendants engaged in a fraudulent scheme to sell her risky loans with the intent to maximize profits, and induced her to accept the loans through misleading and false statements and withholding of material information [Id. at ¶¶ 51-68]. Specifically, Han alleges that Defendants failed to clearly disclose the risks associated with the terms of the loans, failed

---

[1] Elsewhere in the complaint, Han states that her address is 950 White Birch Way [Doc. #12 at ¶ 1].

2

to clearly disclose whether monthly payments included amounts due for insurance and taxes, failed to clearly disclose closing costs and fees, made false promises about future refinancing and failed to disclose the risk that refinancing would not be possible, fraudulently promised that the value of her home would increase, steered Han away from safer loans, and engaged in false marketing tactics [Id. at ¶ 41].

Han's complaint asserts the following causes of action: 1) fraud and fraud in the inducement; 2) conversion; 3) quiet title; 4) libel; 5) violation of the Georgia Uniform Deceptive Trade Practices Act ("UDTPA"); 6) breach of implied duty per the Georgia Fair Business Practices Act ("FBPA"); 7) civil conspiracy; 8) violation of the Georgia Residential Mortgage Act ("RMA"); 9) violations of the Georgia Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO"); 10) petition for injunctive relief; and 11) wrongful foreclosure [Id. at ¶¶ 69-149].

This case was originally filed in the Superior Court of Fulton County, Georgia on May 12, 2009 [Doc. #1 at ¶ 1]. On June 19, Defendants removed the case pursuant to federal question jurisdiction, asserting that Han's Georgia RICO claim presented a substantial federal question because it contained an underlying violation of mail fraud [Id. at ¶¶ 4-5]. All properly served defendants consented to removal [Id. at ¶ 8].[2] On June 25, Han

---

[2]At the time of removal only Defendants GMAC and MERS were properly served. As indicated by recent filings, Defendants America's Servicing Company and Wells Fargo Bank, N.A. have since been properly served [Doc. #19], but the docket indicates that Defendant Mortgage Lenders Network USA, Inc. still has not been properly served. Defendants Does 1-50 remain unidentified [Doc.

3

filed the instant motion to remand. On July 27, Moving Defendants moved to dismiss the original complaint [Doc. #8]. On August 2, Han filed the first amended complaint [Doc. #12]. On August 24, Moving Defendants moved to dismiss the first amended complaint. On September 14, Han filed the instant motion for declaratory judgment.

II. Motion to Remand

To determine whether federal jurisdiction exists, the Court will first consider Han's motion to remand. Han argues that removal to federal court was improper because federal law is not a necessary element of her Georgia RICO claim. For the following reasons, the Court finds that removal was improper and remands.

Removal is appropriate when a case filed in state court could have originally been brought in federal court. See 28 U.S.C. § 1441(a). However, a federal court may remand a case back to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The United States Court of Appeals for the Eleventh Circuit has held that "[t]he removal statute should be construed narrowly with doubt construed against removal." See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted). Where jurisdiction is uncertain, the Eleventh Circuit favors remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The party removing the action bears the burden of establishing jurisdiction. Tapscott v. MS Dealer Serv. Corp., 77

---

#12 at ¶ 6].

4

F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A plaintiff who has only pled state-law causes of action may be subject to federal jurisdiction if: (1) the state-law claims raise substantial federal questions; or (2) federal law completely preempts the state-law claims. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13, 23 (1983). A state law claim raises a substantial federal question when federal law forms an essential element of the claim; specifically, "the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another." Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982) (citation omitted). The mere fact that a court must apply or interpret federal law to determine whether plaintiff is entitled to relief is not sufficient to confer federal question jurisdiction. Rather, the federal issue must be substantial. See Dunlap v. G&L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). A federal court does not automatically have jurisdiction due to the mere presence of a federal issue in a state cause of action. Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).

Here, Han has pled only state law claims and no preemption issue exists. Moving Defendants argue that removal is proper, however, because Han's Georgia RICO claim raises a substantial

5

federal question. Specifically, Moving Defendants argue that since Han's original complaint alleges that Defendants used the mail in furtherance of their scheme, and mail fraud is a federal crime, federal question jurisdiction is appropriate.

Moving Defendants rely principally on Ayres v. Gen. Motors Corp., 234 F.3d 514 (11th Cir. 2000). In Ayres, purchasers of used cars brought a Georgia RICO action alleging that the manufacturer committed mail fraud by failing to report a component defect, which was required by the National Traffic and Motor Vehicle Safety Act ("Safety Act"). See Ayres, 234 F.3d at 516-17. The Eleventh Circuit held that plaintiffs raised a substantial federal question because resolution of the Georgia RICO claims would rely entirely upon the court's interpretation of the federal mail and wire fraud statutes and their interaction with the Safety Act. Id. at 518.

However, the Eleventh Circuit declined to hold that federal question jurisdiction exists whenever a plaintiff's Georgia RICO claim alleges mail fraud. Id. at 519 & n.10. Rather, the Court determined that the specific issue in Ayres, whether violations of the Safety Act constituted mail fraud, was a matter of "considerable magnitude and substantial federal interest" and therefore that case presented "a federal question substantial enough to confer federal question jurisdiction." Id. at 519, 520 (internal quotation omitted). Observing that its holding was narrow, the Eleventh Circuit found federal jurisdiction because (1) the case required plaintiffs to prove federal mail and wire fraud as an essential element of their state law claims, and (2)

proof of the alleged federal mail and wire fraud crimes involved a "very substantial federal question" Id. at 520.³

In the instant case, neither Han's original complaint nor the first amended complaint alleges specific violations of any criminal laws as predicate acts for the Georgia RICO claim [Doc. #1-2 at ¶¶ 109-11; Doc. #12 at ¶¶ 131-35]. Though the original complaint alleges generally that Defendants "committed multiple predicate acts of fraud" and that "in order to perpetuate these multiple frauds, defendants used the mail in furtherance of their scheme" [Doc. #1-2 at ¶ 110], the first amended complaint contains no allegations regarding use of the mails or wires [Doc. #12 at ¶¶ 131-35]. As Moving Defendants have not supplemented their response in opposition to remand in light of the first amended complaint, the Court must presume that Moving Defendants' argument in favor of federal jurisdiction remains that the Court should infer that Han pled federal mail fraud as the predicate act to her Georgia RICO claim. However, as no federal statutes are cited anywhere in the original or first amended complaint, and since the first amended complaint contains no allegations regarding use of the mails or wires, the Court concludes that proving a violation of the federal mail fraud statute is not an essential element of Han's Georgia RICO claim.⁴

---

³Concluding that both of these factors were present, the Eleventh Circuit did not determine whether either factor by itself would be sufficient to confer federal question jurisdiction.

⁴Though not necessary to our resolution of this issue, the Court notes that although the original complaint contains the phrase "used the mail in furtherance of [Defendants'] scheme," in

Furthermore, even if federal mail fraud were an essential element of the Georgia RICO claim, the question of whether Defendants violated the mail fraud statute in this case is not substantial enough to confer federal question jurisdiction. In Ayres, the Eleventh Circuit based its conclusion that federal jurisdiction existed on the fact that the case required the Court to determine how two federal statutes interacted: the mail and wire fraud statute and the Safety Act. See Ayres, 234 F.3d. at 519-20. In contrast, the instant case only arguably involves the federal mail fraud statute; a reviewing court would simply have to determine whether Defendants' conduct violated this statute. As the Eleventh Circuit has held, the mere fact that a court must apply or interpret federal law to determine whether plaintiff is entitled to relief is not sufficient to confer federal question jurisdiction. See Dunlap, 381 F.3d at 1291-92. Moreover, since there is no indication that Han's Georgia RICO claim would be "supported if the federal law is given one construction or effect and defeated if it is given another," federal question jurisdiction is not appropriate. Mobil Oil, 671 F.2d at 422.

Other courts have concluded that the allegation of federal crimes as predicate acts under a state RICO statute is not sufficiently substantial to confer federal question jurisdiction.

---

light of the lack of any reference to federal statutes or to the elements of federal mail fraud it is entirely unclear whether Han intended to plead federal mail fraud as the predicate act for her Georgia RICO claim in the original complaint. Accordingly, it does not appear that federal mail fraud would have been an essential element of the Georgia RICO claim as pled in the original complaint.

8

See <u>Austin v. Ameriquest Mortgage Co.</u>, 510 F. Supp. 2d 1218, 1227 (N.D. Ga. 2007) (citing <u>Graham Commercial Realty, Inc., v. Shamsi</u>, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998), and <u>Bourke v. Carnahan</u>, No. C2-03-144, 2003 U.S. Dist. LEXIS 13399, 2003 WL 23412975 at *5 (S.D. Ohio Jul. 1, 2003)). Specifically, the Northern District of Georgia has held that federal question jurisdiction does not exist where "at most, the Court must determine whether defendant committed a federal violation, which may serve as a predicate act under Georgia's RICO statute." <u>Id.</u> Likewise, this case presents merely the possibility that a court may have to determine whether Defendants' conduct violated the federal mail fraud statute, and does not require the resolution of any substantial federal issues.

Accordingly, the Court holds that Han's allegations do not raise a substantial federal question. In light of the lack of diversity or a federal question, federal jurisdiction does not exist in this case. Therefore, the Court remands the case to the Superior Court of Fulton County.[5]

VI. <u>Conclusion</u>

For the foregoing reasons, the Court GRANTS Han's motion to remand [Doc. #4], DENIES AS MOOT Moving Defendants' motion to

---

[5] To the extent that Han requests attorneys' fees incurred as a result of removal pursuant to 28 U.S.C. § 1447(c), such a request is DENIED. See <u>Graham Commercial Realty, Inc. v. Shamsi</u>, 75 F. Supp. 2d 1371, 1374 (N.D. Ga. 1998) (noting that an award of attorneys' fees under § 1447(c) is solely at the court's discretion). In light of <u>Ayres</u>, the Court concludes that Defendants had an arguable legal basis for asserting federal question jurisdiction in this case.

9

dismiss the original complaint [Doc. #8], DENIES AS MOOT Moving Defendants' motion to dismiss the first amended complaint [Doc. #20], and DENIES AS MOOT Han's motion for declaratory judgment [Doc. #28].

SO ORDERED, this 24 day of September, 2009.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE